IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.                                        Case Nos.:    5:11cr23/MW/GRJ
                                                         5:15cv66/MW/GRJ

RUFINO ROBELO-GALO

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in

Federal Custody."   (ECF No. 597.)   The Government filed a response in

which it conceded the timeliness of the motion (ECF No. 606) and

subsequently filed a response to the merits.   (ECF No. 652.)   Petitioner

did not file a reply.   The case was referred to the undersigned for the

issuance of all preliminary orders and any recommendations to the district

court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also*

28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record

and the arguments presented, the Court concludes that Petitioner has not

raised any issue requiring an evidentiary hearing and that the § 2255

motion should be denied.   *See* Rules 8(a) and (b) Governing Section 2255

Cases.

## BACKGROUND

Petitioner Rufino Robelo-Galo was one of fifteen co-defendants charged in a sixteen-count indictment with drug trafficking, weapons, and immigration offenses.   (ECF No. 113.)   Robelo-Galo was charged in Count One with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 50 or more grams of actual methamphetamine, in Count Eight with possession of a firearm in furtherance of a drug trafficking crime, and in Count Nine with possession with intent to distribute methamphetamine on a date certain.   He pleaded guilty to Counts One and Eight the day before trial without a written plea agreement, following which the Government moved to dismiss Count Nine. (ECF Nos. 277; 415.)

Robelo-Galo's final Presentence Investigation Report ("PSR") held him accountable for 15 kilograms or more of methamphetamine, for a base offense level of 38.   (ECF No. 401, PSR ¶ 159.)   He received both a four-level adjustment for his leadership role in the offense conduct and a three level downward adjustment for acceptance of responsibility, yielding a total

offense level of 39.   (ECF No. 401, PSR ¶¶ 162-168.)   Robelo-Galo had

no prior criminal history, and the applicable advisory guidelines range was

262 to 327 months on Count One, with a minimum consecutive term of 60

months on Count Eight.   (ECF No. 401, PSR ¶¶ 171, 172, 191-193.)

Before sentencing, Robelo-Galo filed two motions in which he

variously alleged that his attorney Jonathan Dingus had a conflict of

interest, had refused to have the indictment read to Robelo-Galo in

Spanish, and had coerced him into pleading guilty.   (ECF Nos. 370, 373.)

The district court combined a *Nelson* hearing with Robelo-Galo's

sentencing.   (ECF Nos. 437, 439, 474.)

At the combined hearing, the district judge reminded Robelo-Galo

multiple times about the assurances that he had made to the Court, under

oath, at the time of the guilty plea that he understood the proceedings and

had no questions.   (ECF No. 474.)   Robelo-Galo admitted that another

inmate had drafted the pleadings for him.   The Court advised him that it

could continue sentencing and appoint another lawyer, but that if it did so,

Robelo-Galo would almost certainly lose the benefit of the acceptance of

responsibility adjustment, and his credibility with the court.   After taking

Case Nos.: 5:11cr23/MW/GRJ; 5:15cv66/MW/GRJ

time to review the transcript of the change of plea hearing through an interpreter, Robelo-Galo elected to proceed to sentencing.   (ECF No. 474 at 12.)

Robelo-Galo assured the Court that he had had sufficient time to review the PSR with his attorney and interpreter.   (ECF No. 474 at 13.) Counsel's lone objection was to the four-point adjustment, and he contended that Robelo-Galo was a leader or organizer, but of fewer than five persons.   The Court overruled the objection after hearing testimony and argument.   (ECF No. 474 at 15-45.)   After hearing brief remarks from counsel,[1] it sentenced Robelo-Galo to the mid-point of the applicable guidelines range to a term of 294 months on Count One, followed by the mandatory consecutive term of 60 months on Count Eight.   (ECF No. 474 at 46-48.)

Robelo-Galo appealed the application of the four-level leadership adjustment.   The Eleventh Circuit found no clear error and affirmed his sentence on March 25, 2013.   (ECF No. 553.)

---

[1] It does not appear that Robelo-Galo was offered the opportunity to speak with respect to his sentence.   (*See* ECF No. 474 at 13-14, 45-46; *United States v. Doyle*, 857 F. 3d 1115, 1118 (11th Cir. 2017)).   There was no objection, and the issue was not raised in the instant petition.

Case Nos.: 5:11cr23/MW/GRJ; 5:15cv66/MW/GRJ

Robelo-Galo filed the instant motion on April 1, 2015, under the

mailbox rule.   (ECF No. 597 at 13.)   Included with the motion was an

affidavit in which Robelo-Galo avers, among other things, that he did not

learn that his appeal had been denied until after November 18, 2014.

(ECF No. 597-2 at 2.)   The Government, after conferring with appellate

counsel Bernard Daley, conceded that the § 2255 motion should be treated

as timely filed.   (ECF No. 606 at 2.)   The government thereafter filed a

response in opposition to Robelo-Galo's four claims of ineffective

assistance of counsel.   (ECF No. 652.)

## ANALYSIS

### *General Legal Standards*

Collateral review is not a substitute for direct appeal, and therefore

the grounds for collateral attack on final judgments pursuant to § 2255 are

extremely limited.   A prisoner is entitled to relief under section 2255 if the

court imposed a sentence that (1) violated the Constitution or laws of the

United States, (2) exceeded its jurisdiction, (3) exceeded the maximum

authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28

U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th

Cir. 2011).    "Relief under 28 U.S.C. § 2255 'is reserved for transgressions

of constitutional rights and for that narrow compass of other injury that

could not have been raised in direct appeal and would, if condoned, result

in a complete miscarriage of justice.'"    *Lynn v. United States*, 365 F.3d

1225, 1232 (11th Cir. 2004) (citations omitted).    The "fundamental

miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S.

478, 496 (1986), provides that it must be shown that the alleged

constitutional violation "has probably resulted in the conviction of one who

is actually innocent . . . ."

The law is well established that a district court need not reconsider

issues raised in a section 2255 motion which have been resolved on direct

appeal.    *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014);

*Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States*

*v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36

F.3d 1052, 1056 (11th Cir. 1994).    Once a matter has been decided

adversely to a defendant on direct appeal, it cannot be re-litigated in a

collateral attack under section 2255.    *Nyhuis*, 211 F.3d at 1343 (quotation

omitted).    Broad discretion is afforded to a court's determination of

whether a particular claim has been previously raised.    *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.    *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).    An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."    *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).    Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."    *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).    To show cause for procedural default, a defendant

must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).   *Strickland*'s two-part test also applies to guilty pleas.   *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52,

58 (1985)).   A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.   *Id.* at 163 (quoting *Hill*, 474 U.S. at 59).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."   *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*,

218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.   "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."   *Chandler*, 218 F.3d at 1314.   When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result

must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).   For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).   A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.   *Glover v. United States*, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

    To establish ineffective assistance, a defendant must provide factual

support for his contentions regarding counsel's performance.    *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).    Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.    *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).    This is true regardless of whether the issue is a trial or sentencing issue.    *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel);    *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction

enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).   Similarly, appellate counsel is not ineffective for failing to raise claims that are reasonably considered to be without merit.   *Brown v. United States*, 720 F.3d 1316, 1335 (11th Cir. 2013); *Nyhuis*, 211 F.3d at 1344 (citing *Alvord*, 725 F.2d at 1291.

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.   *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent

attorney would have chosen it.'"    *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).    Under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.    A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).    Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.    *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are

wholly unsupported by the record.   *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need

not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples*

*v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that

amount to nothing more than conclusory allegations do not warrant a

hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal

issues can be resolved by the court without a hearing.

## Petitioner's Claims

### *Ground One—Ineffective assistance of appellate counsel*

Robelo-Galo first claims that his appellate counsel was

constitutionally ineffective because counsel did not inform his client when

the appeal had concluded.   He claims he was prejudiced in the instant

proceedings due to counsel's failure to keep him abreast of developments

in his case.   However, because the Court has accepted the instant motion

as timely filed, there is no prejudice and no relief is warranted on this claim.

Case Nos.: 5:11cr23/MW/GRJ; 5:15cv66/MW/GRJ

### *Ground Two—Ineffective assistance of trial counsel*

Robelo-Galo next argues that counsel was constitutionally ineffective because he did not object to factual matters in the PSR that supported the four-level role adjustment.   He claims that these unidentified matters were "treated as a 'given fact'" because of counsel's failure to object.   His failure to identify any viable objections or how they might have made a difference in his case is fatal to his claim.

Robelo-Galo also argues that counsel should have argued for a two or three-level increase instead of the four-level increase.   Again, he cannot show either deficient performance or prejudice.   The Court was abundantly familiar with the case, having already sentenced the co-conspirators.   As discussed above, at sentencing, the Government presented the testimony of Agent Lammers in support of its position that the enhancement was proper.   Defense counsel argued---contrary to what Robelo-Galo now asserts---that his client's leadership role was limited to fewer than five people.   Counsel also argued that his client should not be found more culpable than co-defendant Lee Bussey, who received only a three-level adjustment.   (ECF No. 474 at 44-45.)   The Court found that "the

Government has shown the necessary five people for the role adjustment

in this case."   (ECF No. 474 at 45.)   The fact that counsel's argument was

ultimately unsuccessful does not mean that Robelo-Galo is entitled to relief.

### *Ground Three—Ineffective assistance of trial counsel*

Robelo-Galo next contends that counsel provided constitutionally

ineffective advice with respect to his guilty plea.   He asserts that his

attorney told him that the drug sentence would be no more than 120

months, the gun sentence would be 60 months, and that the two terms

would run concurrently.   (ECF No. 597.)

The Government has provided an affidavit from Mr. Dingus, which

addresses Robelo-Galo's allegations against him.   In this affidavit, Dingus

denies having provided this advice to his client, stating that he "estimated

that he would serve between 25-35 years in prison."   (ECF No. 652-2 at 1.)

Counsel told Robelo-Galo that his best chance for leniency would be to

plead guilty because he believed that the evidence against him was

overwhelming.

Even assuming for sake of argument that counsel provided the

advice Robelo-Galo now claims, Robelo-Galo was fully informed about the

sentence he faced at the change of plea proceeding.   (*See* ECF Nos. 415,

492 (identical copies of the change of plea transcript.))   Before accepting

Petitioner's plea, the Court expressly explained the potential penalties

Robelo-Galo faced.   In response to the Court's query, Robelo-Galo

acknowledged that he understood that he faced a maximum term of life

imprisonment on Count One and a mandatory consecutive five-year term of

imprisonment on Count Eight.   (ECF No. 415 at 11-12.)   He also

acknowledged that he understood that counsel could not necessarily

predict how the Court would interpret and apply the sentencing guidelines,

and furthermore, that if his sentence was different from what his lawyer

predicted, he could not take back his guilty plea.   (ECF No. 415 at 13.)

Although the Court did not directly ask Robelo-Galo whether anyone had

promised him a specific sentence both counsel assured the Court that

Robelo-Galo's plea was freely and voluntarily made, and there were no

assurances, promises or understandings about the disposition of his case

which were given to him which were different or contrary to what the court

stated in open court.[2]   His conclusory assertion about what counsel

---

[2] The question regarding the voluntariness of Robelo-Galo's plea is noted in the
transcript as having been posed by Ms. Littleton, the AUSA assigned to the case, an

allegedly told him about his sentencing exposure does not entitle him to relief.   Additionally, the record demonstrates that Robelo-Galo was aware of his potential sentencing exposure prior to sentencing, as evidenced by his reference to "a sentence of 30 years" in one of the documents he filed requesting new counsel.   (ECF No. 373 at 2.)

Robelo-Galo also complains that counsel did not seek a more favorable plea, and says that dismissing Count Nine served "no valued purpose whatsoever."   (ECF No. 597 at 7.)   Robelo-Galo does not say what sort of plea deal he sought.   He does not assert, for instance, that he would have been amenable to cooperating with the Government.   His former attorney avers that he advised his client that it was not the practice in this Court to offer a "plea with a fixed term of years in the prison."   (ECF No. 652-1 at 1.)   In vies of Robelo-Galo's decision to enter the plea on the eve of trial, and the well-established policy in this district of not offering plea bargains, Robelo-Galo has not shown that counsel was constitutionally ineffective for failing to secure a "more favorable" plea. Robelo-Galo is not entitled to relief.

---

obvious scrivener's error.   (See ECF No. 415 at 16; ECF No. 492 at 16.)

Case Nos.: 5:11cr23/MW/GRJ; 5:15cv66/MW/GRJ

### *Ground Four—Failure to Object to, and appeal, Drug Quantity*

In Robelo-Galo's final ground for relief he assails the performance of both trial and appellate counsel.   He contends that after reviewing the PSR with his attorney, he understood that counsel would lodge an objection to the amount attributed to him.   Counsel did not object, and as a result, Robelo-Galo claims, he was severely prejudiced.

Counsel's affidavit dislcoses that he never told his client that he would object as Robelo-Galo now claims.   (ECF No. 652-1 at 1).   Counsel further states that after the two men reviewed the PSR, Robelo-Galo stated that he had no objections.

Even if counsel had objected, such an objection would have been overruled.   Under the Sentencing Guidelines, a base offense level of 38 applies to offenses involving 15 kilograms or more or methamphetamine. Robelo-Galo was held accountable for 23.58 kilograms of methamphetamine, well in excess of the lower end of that range.   (ECF No. 401, PSR ¶ 159.)   This amount---one pound per week for one year--- was calculated and corroborated by considering multiple controlled purchases, seizures, intercepted phone calls, co-conspirator statements,

Case Nos.: 5:11cr23/MW/GRJ; 5:15cv66/MW/GRJ

and surveillance of deliveries from December of 2010 through April of

2011.   (ECF No. 401, PSR ¶¶ 52-152.)   Co-defendant Bussey told law

enforcement that he had been purchasing methamphetamine from Robelo-

Galo for approximately one year at a rate of one or two pounds every one

to two weeks.   (ECF No. 401, PSR ¶ 137.)   This case does not present a

situation where Robelo-Galo's guideline range was near the cut-off point for

the next base offense level.   To even get close to the cut-off point for the

next base offense level the Court would have to have found that the

quantity of methamphetamine was overstated by more than one third.   The

facts as set forth in the PSR support the calculation the Court found.

Consequently, counsel is not constitutionally ineffective for failing to make a

meritless objection. See, e.g., *Lattimore v. United States*, 345 F. App'x 506,

508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless

objection to an obstruction enhancement).

Robelo-Galo also repeats his prior claim that he understood he was

subject to a sentence of only 120 months on Count One and 60 months on

Count Eight.   He says his lawyer told him that he would appeal this issue,

but he did not.   Counsel is not constitutionally ineffective for failing to raise

a meritless issue on appeal. *Brown v. United States*, 720 F.3d 1316, 1335 (11th Cir. 2013); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).   No relief is warranted.

## Conclusion

For all the foregoing reasons, the Court concludes that Robelo-Galo has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore the § 2255 motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.    The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 597) should should be **DENIED**.

2.    A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 22nd day of February, 2018.

Case Nos.: 5:11cr23/MW/GRJ; 5:15cv66/MW/GRJ

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**